WILLIAM BLUMENTHAL
General Counsel

Sarah Schroeder (Cal. Bar No. 221528)
David Newman (Cal. Bar No. 54218)
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Phone (415) 848-5100; Fax (415) 848-5184
E-mail address: sschroeder@ftc.gov
E-mail address: dnewman@ftc.gov

Luis H. Gallegos (Oklahoma Bar No. 19098)
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 75201
Phone: (214) 979-9383; Fax (214) 953-3079
E-mail address: lgallegos@ftc.gov

Kenneth H. Abbe (Cal. Bar. No. 172416)
Federal Trade Commission
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Phone (310) 824-4343; Fax (310) 824-4380
E-mail address: kabbe@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

_____

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

TONO RECORDS, dba TONO
MUSIC and PROFESSIONAL LEGAL
SERVICES, a corporation; *et al.,*)

    Defendants.

_____

)
)
) Case No. CV-07-3786 JFW (RCX)
)
)
) **CONSENT DECREE**
) **AS TO DEFENDANTS MARIA**
) **OCEGUERA AND DULCE**
) **RICKARDS, aka DULCE**
) **UGALDE**
)
)
)
)

Page 1

WHEREAS, Plaintiff, the Federal Trade Commission, has commenced this action by filing the Complaint herein; Defendants Maria Oceguera and Dulce Rickards, aka Dulce Ugalde and Dulce Ruiz, have been served with the Summons and Complaint; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law and without Defendants' admitting liability for any of the matters alleged in the Complaint, other than jurisdictional facts;

THEREFORE, on the joint motion of Plaintiff and Defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## FINDINGS

1.     This Court has jurisdiction of the subject matter and of the parties.

2.     The Complaint states a claim upon which relief may be granted against the Defendants under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53b, and 56(a), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692*l*.

3.     Venue in this district is proper under 28 U.S.C. §§ 1391 (b-c) and 1395(a) and 15 U.S.C. § 53(b).

4.     The activities of Defendants Maria Oceguera and Dulce Rickards are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.     For purposes of this Consent Decree ("Decree"), the definitions set forth in the FDCPA, 15 U.S.C. § 1692a, shall apply.

6.     Entry of this Decree is in the public interest.

7.     Defendants stipulate to the entry of this Decree freely and without coercion.  Defendants further acknowledge that they have read the provisions of this Decree and are prepared to abide by them.

8.     All parties hereby waive all rights to appeal or otherwise challenge or

contest the validity of this Decree.

9.     The parties shall each bear their own costs and attorney's fees incurred in this action.  Defendants have waived all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## CONSENT DECREE

### DEFINITIONS

For purposes of this Consent Decree, the following definitions shall apply:

A.     Unless otherwise specified, "Defendants" means Maria Oceguera and Dulce Rickards, aka Dulce Ugalde and Dulce Ruiz.

B.     "Commerce" means as defined in Section 4 of the Federal Trade Commission Act, 15 U.S.C. § 44.

C.     "FTC" or "Commission" means the Federal Trade Commission.

D.     A requirement that Defendants "notify the Commission" means that the Defendants shall send the necessary information via first class mail, costs prepaid, to the Associate Director for Enforcement, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington, DC 20580.  Attn: *FTC v. Tono Records, et al.*, Civ. No. 07-3786-JFW (C.D. Cal.).

E.     The term "including" in this Decree means "including, without limitation."

F.     The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

## I.     INJUNCTION

Defendants Maria Oceguera and Dulce Rickards, and their officers, agents, servants, employees, and all other persons or entities in active concert or participation with them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, are hereby permanently

restrained and enjoined from taking the following actions:

**VIOLATING THE FTC ACT**

A.     Misrepresenting to consumers, expressly or by implication, that:

1.     The alleged obligation that Defendants are attempting to collect is a valid debt;

2.     Defendants are an attorney or are working on behalf of an attorney;

3.     Defendants will take any action that cannot legally be taken or that Defendants do not intend to take, such as filing a lawsuit; and

4.     Nonpayment of an alleged obligation will result in a consumer's arrest or imprisonment, or lead to seizure, garnishment, or attachment of a consumer's property or wages;

B.     Making a misrepresentation, expressly or by implication, about the consequences of paying or not paying a debt, in whole or in part;

C.     Making any material misrepresentation, expressly or by implication, to collect or to attempt to collect a debt;

D.     Misrepresenting, directly, indirectly, expressly, or by implication, or omitting, any fact material to a person's decision to purchase or use any product, program, or service;

**VIOLATING THE FDCPA**

E.     Using any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

1.     Misrepresenting the character, amount, or legal status of a debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A);

2.     Representing or implying that collectors are attorneys or

1                                 representatives of an attorney or that a communication is from

2                                 an attorney, in violation of Section 807(3) of the FDCPA, 15

3                                 U.S.C. § 1692e(3);

4          3.     Representing or implying that nonpayment of a debt will result

5                                 in the arrest or imprisonment of any person or the seizure,

6                                 garnishment, attachment, or sale of any property or wages of

7                                 any person, unless at the time of the representation, such action

8                                 is lawful and Defendants intend to take such action, in violation

9                                 of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

10        4.     Representing or implying that any action will be taken, unless

11                                at the time of the representation such action is lawful and

12                               Defendants intend to take such action, or that any action may

13                               be taken when Defendants cannot show that, at the time of the

14                               representation, there is a reasonable likelihood that such action

15                               will be taken, in violation of Section 807(5) of the FDCPA, 15

16                               U.S.C. § 1692e(5); and

17        5.     Using a business name other than the collector's real name, in

18                               violation of Section 807(14) of the FDCPA, 15 U.S.C.

19                               § 1692e(14);

20    F.     Collecting or attempting to collect debts, the amount

21 of which, including any interest, fee, charge, or expense incidental to the principal

22 obligation, is not expressly authorized by the agreement creating the debt or

23 permitted by law, in violation of Section 808(1) of the FDCPA, 15 U.S.C.

24 § 1692f(1);

25    G.     Engaging in any conduct the natural consequence of which

26 is to harass, oppress, or abuse a person, in violation of Section 806 of the FDCPA,

27 15 U.S.C. § 1692d, including, but not limited to, causing a telephone to ring, or

28 engaging a person in telephone conversation, repeatedly or continuously, with the

intent to annoy, abuse, or harass a person at the number called, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5);

      H.     Failing to notify consumers of their right to dispute and obtain verification of their debts and to obtain the name of the original creditor, either in Defendants' initial communication with consumers or within five days thereafter, in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a); and

      I.     Engaging in any other act or practice that would violate the FDCPA, 15 U.S.C. § 1692, as attached and as hereafter amended.

**II.    CONSUMER REDRESS AND RIGHT TO REOPEN**

      A.     Judgment in the amount of One Million One Hundred Eighty Six Thousand Seven Hundred Fifty Four Dollars ($1,186,754) is hereby entered against Defendants Maria Oceguera and Dulce Rickards, jointly and severally.  Based upon Defendants sworn representations in financial statements, full payment of the foregoing judgment is suspended except for Fifty Thousand Nine Hundred Thirty Four Dollars ($50,934), contingent upon the accuracy and completeness of the financial statements, as set forth in Subparagraph D of this Paragraph.

      B.     Defendants shall satisfy the suspended judgment by forfeiting all interests in assets frozen pursuant to the August 13, 2007, Preliminary Injunction in this matter, including funds held in the following bank accounts:

| Bank | Defendant | Account Number |
|---|---|---|
| Washington Mutual | Maria Oceguera | xxxxxxxxxx3098 |
| Washington Mutual | Dulce G. Ruiz Rickards | xxxxxxxxxx5014 |
| Union Bank of CA | Dulce G. Ugalde | xxxxxx0759 |
| Bank of America | Maria Oceguera | xxxxxx5546 |
| Wells Fargo | Dulce Ruiz; Maria G. Oceguera | xxxxxx9355 |

Financial institutions holding the above mentioned assets pursuant to the August 13, 2007, Preliminary Injunction shall directly transfer such assets to the FTC by wire transfer in accord with directions provided by the Commission or by certified check or other guaranteed funds made payable to and delivered to the Commission.  By signing this Decree, Defendants relinquish all dominion, control, and title to the monies transferred to the Commission, and agree that all legal and equitable title to said monies is vested in the Commission, for use according to the terms of this Decree.

C.    All funds paid pursuant to this Decree shall be deposited into a fund administered by the FTC or its designated agent to be used for equitable relief, including, but not limited to, restitution and any attendant expenses for the administration of any monetary funds.  In the event that direct restitution for consumers is wholly or partially impracticable, or funds remain after restitution is completed, the FTC may apply any remaining funds for any other equitable relief (including consumer information remedies) that it determines to be reasonably related to the Defendants' practices alleged in the Complaint.  Any funds not used for this equitable relief shall be deposited into the U.S. Treasury as disgorgement. Defendants shall have no right to challenge the FTC's choice of remedies under this section.

D.    Plaintiff's agreement to this Decree is expressly premised upon the Defendants representation that they do not control funds transferred from Tono Records' bank accounts to individuals or companies in Mexico, and on the truthfulness, accuracy, and completeness of the financial statements and supporting documents submitted to the Commission, namely those of Maria Oceguera, signed and dated November 16, 2007, and those of Dulce Rickards, signed and dated November 16, 2007, which contain material information upon which Plaintiff relied in negotiating and agreeing to the terms of this Decree.  This agreement is also expressly premised on Dulce Rickards' assertion in her

November 28, 2007, letter that she has no control over funds she transferred to alleged business associates in Mexico in 2006.  If, upon motion by Plaintiff, based on good cause, this Court finds that Defendants Dulce Rickards and Maria Oceguera have failed to disclose any material asset or materially misstated the value of any asset in the financial statements and related documents described above, or that Defendants Dulce Rickards or Maria Oceguera have received transfers of funds from Marco Antonio Ruiz Ocerguera, or any of his agents, which evidences Dulce Rickards and Maria Oceguera's ability to control such funds, then this Decree shall be reopened and suspension of the judgment shall be lifted for the purpose of requiring payment of the full amount of the judgment ($1,186,754), less the sum of all amounts paid pursuant to Paragraph B of this Section.  *Provided, however*, that in all other respects this Decree shall remain in full force and effect, unless otherwise ordered by the Court.

## III.    NOTICE REQUIREMENTS

A.    For a period of five (5) years from the date of entry of this Decree, Defendants Maria Oceguera and Dulce Rickards, as well as their successors and assigns, and their officers, agents, servants, employees, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall make the following disclosure clearly and conspicuously on each written collection communication that is sent to a consumer for the purpose of collecting a debt:

> Federal law prohibits certain methods of
> debt collection, and requires that we treat
> you fairly.  If you write to us and ask us to
> stop communicating with you about this

1  
2  
3  
4  
5  
6

debt, we will cease contacting you.  Sending such a letter does not make the debt go away if you owe it.  Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

7  
8  
9  
10  
11  
12  
13

If you have a complaint about the way we are collecting this debt, please write to our CONTACT CENTER, [current physical address], email us at [current email address], or call us toll-free at [current phone number] between 9:00 A.M. Pacific Time and 5:00 P.M. Pacific Time Monday - Friday.

14  
15  
16  
17  
18  
19

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA).  If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave. NW, Washington, DC 20580.

20 The above disclosure shall be given in the languages which appear in such

21 communications sent to consumers.

22        B.     Defendants Maria Oceguera and Dulce Rickards, as well as their

23 successors and assigns, and their officers, agents, servants, employees, and all

24 other persons or entities in active concert or participation with any of them who

25 receive actual notice of this Decree by personal service or otherwise, whether

26 acting directly or through any business entity, corporation, subsidiary, division,

27 affiliate, or other device, in connection with acting as a "debt collector" in the

28 collection of a "debt" from a "consumer," as those terms are defined in Section

803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and
(3), shall provide a copy of the following notice to all officers, servants, agents,
and employees having responsibility with respect to the collection of debts, within
thirty (30) days of the date of entry of this Decree, and to each employee hired for
a period of five (5) years after that date, no later than the time the employee
assumes responsibility with respect to the collection of such debts, and shall secure
from each such person, within thirty (30) days of delivery, a signed and dated
statement acknowledging receipt of a copy of the notice:

> Debt collectors must comply with the
> federal Fair Debt Collection Practices Act,
> which limits your activities in trying to
> collect money from consumers

> Section 806 of the Act states that you may
> not engage in any conduct the natural
> consequence of which is to harass, oppress,
> or abuse any person in connection with the
> collection of a debt.

> Section 807 of the Act prohibits you from
> representing or implying that any action,
> including legal action, will be taken unless,
> at the time of the representation, such action
> is lawful and there is a clear intent to take
> the action.  Further, Section 807 of the Act
> prohibits the use of any false representation
> or deceptive means to collect or attempt to
> collect any debt or to obtain information
> concerning a consumer.

> **Individual debt collectors may be financially liable
> for their violations of the Act.**

**IV.    DISTRIBUTION OF CONSENT DECREE BY DEFENDANTS**

For a period of three (3) years from the date of entry of this Decree, Defendants Maria Oceguera and Dulce Rickards shall deliver copies of this Decree as directed below:

A.    **Defendants Maria Oceguera and Dulce Rickards as control persons**:  For any business that Maria Oceguera or Dulce Rickards controls, directly or indirectly, or in which Maria Oceguera or Dulce Rickards has a majority ownership interest, Maria Oceguera and Dulce Rickards must deliver copies of this Decree to all principals, officers, directors, and managers of that business.  Maria Oceguera and Dulce Rickards must also deliver copies of this Decree to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Decree.   For current personnel, delivery shall be within five (5) days of service of this Decree upon defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B.    **Defendants Maria Oceguera and Dulce Rickards as employees or non-control persons**:  For any business where defendant Maria Oceguera or Dulce Rickards is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Decree, Maria Oceguera and Dulce Rickards must deliver a copy of this Decree to all principals and managers of such business before engaging in such conduct.

C.    Defendants Maria Oceguera and Dulce Rickards must secure a signed and dated statement acknowledging receipt of this Decree, within thirty (30) days of delivery, from all persons receiving copies of the Decree pursuant to this Part.

**V.    RECORD KEEPING PROVISIONS**

For a period of six (6) years from the date of entry of this Decree, Defendants Maria Oceguera and Dulce Rickards, and their agents, employees,

officers, corporations, successors, and assigns, and those persons in active concert
or participation with them who receive actual notice of this Decree by personal
service or otherwise, where any Defendant is the majority owner of the business,
or manages or controls the business, are hereby restrained and enjoined from
failing to create and retain the following records:

      A.    Accounting records that reflect the costs of good or services sold,
revenues generated, and the disbursement of such revenues;

      B.    Personnel records accurately reflecting the name, address, and
telephone number of each person employed in any capacity by such business,
including as an independent contractor; that person's job title or position; the date
upon which the person commenced work; and the date and reason for the person's
termination, if applicable;

      C.    Customer files containing the names, addresses, phone numbers,
dollar amounts paid, quantity of items or services purchased, and descriptions of
items or services purchased, to the extent such information is obtained in the
ordinary course of business;

      D.    Complaints and refund requests (whether received directly, indirectly,
or through any third party) and any responses to those complaints or requests;

      E.    Copies of all sales scripts, training materials, advertisements, or other
promotional or marketing materials; and

      F.    All records and documents necessary to demonstrate full compliance
with each provision of this Decree, including, but not limited to, copies of
acknowledgments of receipt of this Decree, required by Paragraph IV.C, and all
reports submitted to the FTC pursuant to Paragraph VI.

**VI.**    **COMPLIANCE REPORTING BY DEFENDANTS**

      In order that compliance with the provisions of this Decree may be
monitored:

      A.    For a period of three (3) years from the date of entry of this Decree,

1.    Each Individual Defendant shall notify the Commission of the
following:

       a.    Any changes in residence, mailing addresses, and
telephone numbers of Maria Oceguera and Dulce
Rickards within ten (10) days of the date of such change;

       b.    Any changes in employment status (including self-
employment) of Maria Oceguera and Dulce Rickards,
and any change in the ownership of Defendants Maria
Oceguera and Dulce Rickards in any business entity,
within ten (10) days of the date of such change.  Such
notice shall include the name and address of each
business that Maria Oceguera or Dulce Rickards is
affiliated with, employed by, creates or forms, or
performs services for; a statement of the nature of the
business; and a statement of Maria Oceguera's and
Dulce Rickards' duties and responsibilities in connection
with the business or employment; and

       c.    Any changes in Maria Oceguera's and Dulce Rickards'
name or use of any aliases or fictitious names; and

2.    Defendants Maria Oceguera and Dulce Rickards shall notify
the Commission of any changes in corporate structure of Tono
Records, Tono Publishing, Promo Music, or any business
entity that Defendants Maria Oceguera or Dulce Rickards
directly or indirectly controls, or has an ownership interest in,
that may affect compliance obligations arising under this
Decree, including, but not limited to, a dissolution, assignment,
sale, merger, or other action that would result in the emergence
of a successor entity; the creation or dissolution of a subsidiary,

Page 13

parent, or affiliate that engages in any acts or practices subject
to this Decree; the filing of a bankruptcy petition; or a change
in the corporate name or address, at least thirty (30) days prior
to such change, *provided* that, with respect to any proposed
change in the corporation about which the Defendants learn
less than thirty (30) days prior to the date such action is to take
place, Defendants shall notify the Commission as soon as is
practicable after obtaining such knowledge.

B.    One hundred and eighty (180) days after the date of entry of this
Decree, Defendants Maria Oceguera and Dulce Rickards each shall provide a
written report to the FTC, sworn to under penalty of perjury, setting forth in detail
the manner and form in which they have complied and are complying with this
Decree. This report shall include, but not be limited to:

1.    The then-current residence address, mailing addresses, and
telephone numbers of Maria Oceguera and Dulce Rickards;

2.    The then-current employment and business addresses and
telephone numbers of Maria Oceguera and Dulce Rickards, a
description of the business activities of each such employer or
business, and the title and responsibilities of Maria Oceguera
and Dulce Rickards for each such employer or business;

3.    A copy of each acknowledgment of receipt of this Order,
obtained pursuant to Paragraph IV.C; and

4.    Any other changes required to be reported under Subparagraph
A of this Part.

C.    For the purposes of this Order, Defendants shall, unless otherwise
directed by the Commission's authorized representatives, mail all written
notifications to the Commission to:

Associate Director for Enforcement

Federal Trade Commission

600 Pennsylvania Avenue, N.W.

Washington, DC 20580.

Attn: *FTC v. Tono Records, et al.*, Civ. No. 07-3786-

JFW (C.D. Cal.).

D.      For the purposes of the compliance reporting and monitoring required by this Decree, the Commission is authorized to communicate directly with Defendants Maria Oceguera and Dulce Rickards.

## VII.   COMPLIANCE MONITORING

For the purpose of monitoring and investigating compliance with any provision of this Decree:

A.      Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants Maria Oceguera and Dulce Rickards each shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation;

B.      In addition, the Commission is authorized to monitor compliance with this Decree by all other lawful means, including, but not limited to, the following:

1.      Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

2.      Posing as consumers and suppliers to Tono Records, Tono Publishing, Promo Music, Maria Oceguera, Dulce Rickards, or their employees,  or any other entity managed or controlled in whole or in part by Maria Oceguera or Dulce Rickards without the necessity of identification or prior notice; and

C.      Defendants Maria Oceguera and Dulce Rickards each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Decree.  The person interviewed may have counsel present.

*Provided, however,* that nothing in this Decree shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

**VIII.   ACKNOWLEDGMENT OF RECEIPT**

Defendants Maria Oceguera and Dulce Rickards, within five (5) business days of receipt of this Decree as entered by the Court, must each submit to the Commission a truthful sworn statement acknowledging receipt of this Decree.

~~IX.   RETENTION OF JURISDICTION~~

(paragraph stricken by Court)

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against Defendants, pursuant to all the terms and conditions recited above.

**IT IS SO ORDERED** this 1st day of May, 2008.

_____

Honorable John F. Walter
United States District Judge