WILLIAM BLUMENTHAL
General Counsel

Sarah Schroeder (Cal. Bar No. 221528)
David Newman (Cal. Bar No. 54218)
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Phone (415) 848-5100; Fax (415) 848-5184
E-mail address: sschroeder@ftc.gov
E-mail address: dnewman@ftc.gov

Luis H. Gallegos (Oklahoma Bar No. 19098)
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 75201
Phone: (214) 979-9383; Fax (214) 953-3079
E-mail address: lgallegos@ftc.gov

Kenneth H. Abbe (Cal. Bar. No. 172416)
Federal Trade Commission
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Phone (310) 824-4343; Fax (310) 824-4380
E-mail address: kabbe@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | Case No. CV-07-3786 JFW (RCX) |
| v. | **FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST DEFENDANTS TONO RECORDS, TONO PUBLISHING, AND PROMO MUSIC** |
| TONO RECORDS, dba TONO MUSIC and PROFESSIONAL LEGAL SERVICES, a corporation; *et al.*, | |
| Defendants. | |

Plaintiff, the Federal Trade Commission, having commenced this action by filing the Complaint herein; Defendants Tono Records, dba Tono Music and Professional Legal Services; Tono Publishing; and Promo Music (hereinafter the "Defendant Corporations"), having been served with the Summons and Complaint; the Defendant Corporations having not appeared in this matter, having not filed an answer and being not represented by counsel; the Clerk of the Court having entered defaults against each of the defendant corporations; and it appearing that it is appropriate that judgment by default be entered against each of the Defendant Corporations,

This Court hereby enters this Final Judgment and Order for Permanent Injunction against Tono Records, dba Tono Music and Professional Legal Services; Tono Publishing; and Promo Music.

## **FINDINGS**

1. This Court has jurisdiction of the subject matter and of the parties.

2. The Complaint states a claim upon which relief may be granted against the Defendant Corporations under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53b, and 56(a), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692*l*.

3. Venue in this district is proper under 28 U.S.C. §§ 1391 (b-c) and 1395(a) and 15 U.S.C. § 53(b).

4. The activities of the Defendant Corporations are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The Defendant Corporations have engaged in the conduct alleged in Counts One through Five of the Complaint.

6. The Defendant Corporations' practices constitute deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

7. The Defendant Corporations are "debt collectors" as that term is

defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

8. The Defendant Corporations' practices constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

9. The Defendant Corporations' conduct has resulted in substantial injury to consumers who were induced by deceptive conduct or coercive means to pay alleged debts that they did not owe.

10. The Defendant Corporations' violations of law are likely to continue in the absence of permanent injunctive relief.

11. Entry of this Order is in the public interest.

## ORDER

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A. Unless otherwise specified, the "Defendant Corporations" means Tono Records, dba Tono Music and Professional Legal Services; Tono Publishing; and Promo Music.

B. "Commerce" means as defined in Section 4 of the Federal Trade Commission Act, 15 U.S.C. § 44.

C. "FTC" or "Commission" means the Federal Trade Commission.

D. A requirement that the Defendant Corporations "notify the Commission" means that the Defendant Corporations shall send the necessary information via first class mail, costs prepaid, to the Associate Director for Enforcement, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington, DC 20580. Attn: *FTC v. Tono Records, et al.*, Civ. No. 07-3786-JFW (C.D. Cal.).

E. The term "including" in this Order means "including, without limitation."

F. The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable phrase or

sentence inclusive rather than exclusive.

G.    The definitions set forth in the FDCPA, 15 U.S.C. § 1692a, shall apply.

## I. INJUNCTION

Defendants Tono Records, Inc., dba Tono Music and Professional Legal Services; Tono Publishing, Inc.; and Promo Music, Inc., and their officers, agents, servants, employees, and all other persons or entities in active concert or participation with them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, are hereby permanently restrained and enjoined from taking the following actions:

**VIOLATING THE FTC ACT**

A.    Misrepresenting to consumers, expressly or by implication, that:
1. The alleged obligation that Defendants are attempting to collect is a valid debt;
2. Defendants are an attorney or are working on behalf of an attorney;
3. Defendants will take any action that cannot legally be taken or that Defendants do not intend to take, such as filing a lawsuit; and
4. Nonpayment of an alleged obligation will result in a consumer's arrest or imprisonment, or lead to seizure, garnishment, or attachment of a consumer's property or wages;

B.    Making a misrepresentation, expressly or by implication, about the consequences of paying or not paying a debt, in whole or in part;

C.    Making any material misrepresentation, expressly or by implication, to collect or to attempt to collect a debt;

D.    Misrepresenting, directly, indirectly, expressly, or by implication,

or omitting, any fact material to a person's decision to purchase or use any product, program, or service;

## VIOLATING THE FDCPA

E.  Using any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

1.  Misrepresenting the character, amount, or legal status of a debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A);

2.  Representing or implying that collectors are attorneys or representatives of an attorney or that a communication is from an attorney, in violation of Section 807(3) of the FDCPA, 15 U.S.C. § 1692e(3);

3.  Representing or implying that nonpayment of a debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person, unless at the time of the representation, such action is lawful and Defendants intend to take such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

4.  Representing or implying that any action will be taken, unless at the time of the representation such action is lawful and Defendants intend to take such action, or that any action may be taken when Defendants cannot show that, at the time of the representation, there is a reasonable likelihood that such action will be taken, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5); and

5.  Using a business name other than the collector's real name, in violation of Section 807(14) of the FDCPA, 15 U.S.C.

§ 1692e(14);

F. Collecting or attempting to collect debts, the amount of which, including any interest, fee, charge, or expense incidental to the principal obligation, is not expressly authorized by the agreement creating the debt or permitted by law, in violation of Section 808(1) of the FDCPA, 15 U.S.C. § 1692f(1);

G. Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse a person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to, causing a telephone to ring, or engaging a person in telephone conversation, repeatedly or continuously, with the intent to annoy, abuse, or harass a person at the number called, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5);

H. Failing to notify consumers of their right to dispute and obtain verification of their debts and to obtain the name of the original creditor, either in Defendants' initial communication with consumers or within five days thereafter, in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a); and

I. Engaging in any other act or practice that would violate the FDCPA, 15 U.S.C. § 1692, as attached and as hereafter amended.

## II. NOTICE REQUIREMENTS

A. For a period of five (5) years from the date of entry of this Decree, Defendants Tono Records, Tono Publishing, and Promo Music, as well as their successors and assigns, and their officers, agents, servants, employees, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section

803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall make the following disclosure clearly and conspicuously on each written collection communication that is sent to a consumer for the purpose of collecting a debt:

> Federal law prohibits certain methods of debt collection, and requires that we treat you fairly.  If you write to us and ask us to stop communicating with you about this debt, we will cease contacting you.  Sending such a letter does not make the debt go away if you owe it.  Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.
>
> If you have a complaint about the way we are collecting this debt, please write to our CONTACT CENTER, [current physical address], email us at [current email address], or call us toll-free at [current phone number] between 9:00 A.M. Pacific Time and 5:00 P.M. Pacific Time Monday - Friday.
>
> The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA).  If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave. NW, Washington, DC 20580.

      B.    The above disclosure shall be given in the languages which appear in such communications sent to consumers.

C. Defendants Tono Records, Tono Publishing, and Promo Music, as well as their successors and assigns, and their officers, agents, servants, employees, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall provide a copy of the following notice to all officers, servants, agents, and employees having responsibility with respect to the collection of debts, within thirty (30) days of the date of entry of this Decree, and to each employee hired for a period of five (5) years after that date, no later than the time the employee assumes responsibility with respect to the collection of such debts, and shall secure from each such person, within thirty (30) days of delivery, a signed and dated statement acknowledging receipt of a copy of the notice:

> Debt collectors must comply with the federal Fair Debt Collection Practices Act, which limits your activities in trying to collect money from consumers
>
> Section 806 of the Act states that you may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.
>
> Section 807 of the Act prohibits you from representing or implying that any action, including legal action, will be taken unless, at the time of the representation, such action is lawful and there is a clear intent to take the action. Further, Section 807 of the Act

prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Individual debt collectors may be financially liable for their violations of the Act.

## III. DISTRIBUTION OF CONSENT DECREE BY DEFENDANTS

A. For a period of three (3) years from the date of entry of this Order, Defendants Tono Records, Tono Publishing, and Promo Music shall deliver copies of this Order and the FDCPA to all principals, officers, directors, and managers of such defendant. Such defendant must also deliver copies of this Order and the FDCPA to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of this Order. For current personnel, delivery shall be within five (5) days of service of this Order upon defendant. For new personnel, delivery shall occur prior to their assuming their responsibilities.

B. Defendants Tono Records, Tono Publishing, and Promo Music must secure a signed and dated statement acknowledging receipt of this Order and the FDCPA, within thirty (30) days of delivery, from all persons receiving copies of the Order and the FDCPA pursuant to this Paragraph.

## IV. RECORD KEEPING PROVISIONS

For a period of six (6) years from the date of entry of this Decree, Defendants Tono Records, Tono Publishing, and Promo Music, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Decree by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the costs of good or services sold, revenues generated, and the disbursement of such revenues;

         B.   Personnel records accurately reflecting the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

         C.   Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and descriptions of items or services purchased, to the extent such information is obtained in the ordinary course of business;

         D.   Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

         E.   Copies of all sales scripts, training materials, advertisements, or other promotional or marketing materials; and

         F.   All records and documents necessary to demonstrate full compliance with each provision of this Decree, including, but not limited to, copies of acknowledgments of receipt of this Decree, required by Paragraph III.B, and all reports submitted to the FTC pursuant to Paragraph V.

**V.   COMPLIANCE REPORTING BY DEFENDANTS**

         In order that compliance with the provisions of this Decree may be monitored:

         A.   For a period of three (3) years from the date of entry of this Decree, Defendants Tono Records, Tono Publishing, and Promo Music shall notify the Commission of any changes in corporate structure of Tono Records, Tono Publishing, Promo Music, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Decree; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such

change, *provided* that, with respect to any proposed change in the corporation about which the Defendants learn less than thirty (30) days prior to the date such action is to take place, the Defendant Corporations shall notify the Commission as soon as is practicable after obtaining such knowledge.

      B.    One hundred and eighty (180) days after the date of entry of this Decree, Defendants Tono Records, Tono Publishing, and Promo Music each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

            1.    The then-current residence address, mailing addresses, and telephone numbers of such Defendant Corporation;

            2.    Any other changes required to be reported under Subparagraph A of this Part.

      C.    For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

            Associate Director for Enforcement
            Federal Trade Commission
            600 Pennsylvania Avenue, N.W.
            Washington, DC 20580.
            Attn: *FTC v. Tono Records, et al.*, Civ. No. 07-3786-JFW (C.D. Cal.).

## VI. COMPLIANCE MONITORING

For the purpose of monitoring and investigating compliance with any provision of this Decree:

      A.    Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants Tono Records, Tono Publishing, and Promo Music each shall submit additional written reports, sworn to under penalty of

perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such Defendant Corporations's possession or direct or indirect control to inspect the business operation;

    B. In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including, but not limited to, the following:

        1. Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

        2. Posing as consumers and suppliers to the Defendant Corporations or their employees, or any other entity managed or controlled in whole or in part by the Defendant Corporations without the necessity of identification or prior notice; and

    C. The Defendant Corporations each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

    *Provided, however,* that nothing in this Decree shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VIII. ACKNOWLEDGMENT OF RECEIPT

    The Defendant Corporations, within five (5) business days of receipt of this Decree as entered by the Court, must each submit to the Commission a truthful sworn statement acknowledging receipt of this Decree.

1  ~~IX.   RETENTION OF JURISDICTION~~       (paragraph stricken by court) *JFW*
2  ~~This Court shall retain jurisdiction of this matter for purposes of    construction,~~
3  ~~modification, and enforcement of this Decree.~~
4       **JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against
5  Defendants, pursuant to all the terms and conditions recited above.
6
7  DATED: May 27, 2008                  _____
                                         Honorable John F. Walter
8                                        U.S. District Court Judge